Van Voorhis, J.
Between January 17,1947, and July 12,1949, plaintiff, a common carrier of goods for hire by truck, performed pickup and delivery service in transporting goods from defendant’s warehouse at 925 Exchange Street in the city of Rochester, New York, to other cities in the State. After his business relations with defendant ended, he brought this action to recover additional freight charges upon the basis that the charges which had currently been billed and paid were less than those specified by the motor freight tariffs on file with the Public Service Commission, and that, therefore, defendant had obtained an unlawful preference. The additional charges claimed to be owing are based on the theory that it was necessary for plaintiff to pick up this merchandise from the interior of defendant’s building at points inaccessible to motor vehicles. The facts regarding the services rendered by plaintiff are as follows:
Defendant’s warehouse is a large brick building situated on the east side of Exchange Street. Along the north side of the building extends a concrete loading platform 10 feet wide and 168 feet in length, from which these pickups were made. A driveway leads from the east side of Exchange Street along the length of this platform, which projects out from the north wall of the building. Seven large overhead doors open through the *66 wall of the building along the inner edge of this platform. When these doors are open, as they are when pickups are made, they reveal that this platform continues inside of the wall of the building on the same plane for an additional width of 48 feet, extending inside to a partition which separates this platform from the storage part of the warehouse — the latter being approximately 336 feet by 192 feet in dimensions. When these overhead doors are open, the loading platform is thus 58 feet wide, by 168 feet in length, and the portion of it inside the outer wall of the building (48 feet wide) is divided into bays measuring 24- feet by 24 feet. Goods are not stored in these bays or on any other part of the platform. When merchandise was ready to be shipped, the practice was for defendant’s employees to carry it from the storage part of the warehouse to the bays on the interior portion of the loading platform, all of the items consigned to one city being placed in a single bay over which was suspended a sign bearing the name of that city. These items thus waited to be called for where they were not exposed to the weather.
If the lower part of the north wall of defendant’s building-had been supported above the ground by steel columns, and the interior part of the platform had been recessed into the side of the building without being- surrounded by any outside enclosure, there could be little doubt that plaintiff would not be entitled to recover the extra tariff. Under those circumstances, the truck driver would have had to walk just as far, and wheel the goods on hand trucks to the tailboard of the auto truck exactly as plaintiff and the other freight carriers did during the period of time alleged in the complaint. There is nothing in these filed tariffs which renders the extra charges payable if the driver in loading is obliged to move the goods to be shipped across a platform; in fact, under the language employed, extra tariffs would not be payable if a loading- platform were wider than the 58 feet in this instance. Plaintiff’s contention is that these extra charges attach in event the goods are picked up from the interior of the building. Inasmuch as the portion of the loading platform on which these goods waited to be shipped was inside of the line of the outer wall of the building, plaintiff claims to be entitled to collect the extra tariff.
The wording of the filed tariff schedule is as follows;
*67 ‘ ‘ PICK-UP AND DELIVERY SERVICE
“ (a) Subject to the provisions of Item 90, and ‘ exception ’ below, the rates published in tariffs governed hereby, include one pick-up from one shipper at one time at one place, and one delivery to one consignee at one place, provided proper facilities are furnished by the consignor and/or consignee for loading and unloading of shipments.
“(b) Shipments will be accepted at or delivered to doorway, platform or entrance to shipping or receiving room of consignor or consignee when directly accessible to carrier’s motor vehicle at the street level of place of business, factory, store, plant, warehouse, residence or premises, which, if contiguous, shall not be deemed separated if intersected by a public street or thoroughfare.
“(c) When doorway or entrance is not directly accessible to motor vehicle, pick-up or delivery will be made at a point accessible to motor vehicle and as near as possible to doorway or entrance.
“(d) Pick-up and delivery service, as referred to herein, does not include removal from or delivery to the interior of a building nor basements or floors not directly accessible to carrier’s motor vehicle. It does not include packing, unpacking, sorting, erecting, dismantling, hoisting, lowering, placing in position, or other service of a similar nature.
“(e) When carrier upon request, is obliged to perform pickup or delivery service to or from the interior of a building, basement or above the ground floor, where freight elevator service is available, or at a point inaccessible to motor vehicle, an additional charge will be made for such service, viz.:
“ (1) At New York (Zone 1-2) 25 cents per 100 pounds, subject to a minimum charge of 50 cents per shipment.
“ (2) At all other points (except New York (Zones 1-2) 11 cents per 100 pounds, subject to a minimum charge of 30 cents per shipment.”
The part which is regarded as most helpful to plaintiff is paragraph (b), which speaks of normal tariffs as being applicable where shipments are accepted at- ‘1 platform or entrance to shipping or receiving room of consignor ”. Plaintiff argues that the bays on the platform inside of the wall of the building constitute a “ shipping or receiving room ” and that by inference the extra tariff attaches if the trucker passes through open *68 overhanging doors and takes goods from any part of the platform lying within the periphery of the outside walls of the building. Paragraph (b), however, mentions merely certain specific instances in which the extra tariff is not payable. In order to determine under what circumstances it is payable, one must read beyond to paragraph (e) which imposes it when the motor carrier, upon request, ‘ ‘ is obliged to perform pick-up or delivery service to or from the interior of a building, basement or above the ground floor, where freight elevator service is available, or at point inaccessible to motor vehicle ”. Special term held that this language signifies that the extra tariff was designed to compensate for rendering some extra service by the trucker, not to become payable for merely crossing an imaginary line delineated by the wall of a building. The circumstance that this loading platform is sheltered from the weather, by being recessed partly beneath a portion of a warehouse or with access provided through the wall by large open overhead doors, would not appear to entitle such a carrier to the additional tariff. The trial court held that the words “ from the interior of the building ’ ’ derive their signification from the words with which they are associated, such as ‘ ‘ basement or above the ground floor ’ ’ or “at point inaccessible to motor vehicle ”. This interpretation of paragraph (e) is further supported by paragraph (d), which states that pickup service “ does not include removal from or delivery to the interior of a building nor basements or floors not directly accessible to carrier’s motor vehicle. It does not include packing, unpacking, sorting, erecting, dismantling, hoisting, lowering, placing in position, or other service of a similar nature.” (Italics supplied.)
All of this indicates that something more was required to earn this extra compensation than making pickups on floors which are directly accessible to the carrier’s motor vehicle.
Plaintiff appears not to have regarded calling for goods in these bays as requiring him to enter the “ interior ” of the warehouse, even in his testimony at the trial. He testified that he regularly picked up goods from these bays inside of the outer wall of the building, but unconsciously fell into the expression that “ On two occasions I went into the interior of the warehouse to get some pipe that was tied in bundles and was not brought out to the first loading area, and I also went in there *69 for, not a bathtub, but a laundry tray, I guess they call it. ’ ’ This was a clear recognition by him that one had to go beyond the inside portion of the loading platform in order to penetrate the interior of defendant’s warehouse. Special Term’s judgment allowed recovery of the extra tariff in those few scattered instances, but the circumstance that even plaintiff did not consider that he had to enter the ‘ ‘ interior of the warehouse ’ ’ when he received freight items that had been left for him in these bays, is a strong indication that the extra tariffs were not payable under such conditions.
The customary practice both as to plaintiff and the other carriers was not to make the extra charge, and this is entitled to weight, even in a common carrier case, if the language of the tariff is ambiguous (New York Central & Hudson Riv. R. R. Co. v. General Elec. Co., 219 N. Y. 227). Moreover, this tariff was phrased by plaintiff or in his behalf, and the well-recognized principle applies that under such circumstances any ambiguity should be resolved against the author (13 0. J. ¡3., Carriers, § 303, p. 706; 9'Am. Jur., Carriers, § 144, p. 526; United States v. Gulf Refining Co., 268 U. S. 542).
Even if paragraphs (b) and (e) of this tariff were at variance, it has been held that the defendant had a right to avail itself of the one which imposed the lesser cost (Saalfield Pub. Co. v. Public Utilities Comm., 149 Ohio St. 113, 119; United States v. Gulf Refining Co., 268 U. S. 542, supra).
For these reasons, the judgment appealed from should be reversed, the order of Special Term reinstated, with costs in this court and in the Appellate Division, and the matter remitted to Special Term for further proceedings not inconsistent with this opinion.
Conway, Ch. J., Ftjld and Burke, JJ., concur with Van Voobhis, J.; Desmond, J., dissents and votes to affirm upon the ground that the tariff clearly entitles plaintiff to these disputed charges; Dye and Froessel, JJ., taking no part.
Judgment reversed, etc.